UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

GREGORY WILLIAM MORAN,      :
    Plaintiff,              :
                         :
    v.                      :      NO. 18-cv-2291
                         :
SUPERIOR COURT OF        :
PENNSYLVANIA, *et al.*,     :
    Defendants.         :

# **O P I N I O N**

**Judge Joseph F. Leeson, Jr.**                            **June 5, 2018**
**United States District Judge**

On May 14, 2018, Plaintiff Gregory William Moran, proceeding *pro se*, filed a

Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western

District of Louisiana against the Superior Court of Pennsylvania, the Clerk of Court for Berks

County, "Court Clerk," and the Bossier Police Department. He also filed a Motion for Leave to

Proceed *In Forma Pauperis* and a "Motion for $1.5 Million Settlement." ECF Nos. 2, 4. By

Order entered on May 17, 2018, the Western District of Louisiana granted Moran leave to

proceed *in forma pauperis*. ECF No. 6. By Order entered on May 29, 2018, the Western District

of Louisiana transferred the case to this Court. ECF No. 8. For the following reasons, the Court

dismisses Moran's Complaint and denies his "Motion for $1.5 Million Settlement."

## I.     FACTS

Public dockets reflect that on February 13, 2014, in the Court of Common Pleas for Berks

County, Pennsylvania, Moran pled guilty to one count of criminal mischief—damage property.

*See Commonwealth v. Moran*, Docket No. CP-06-CR-003193-2014 (Berks Cty. Ct. C.P. 2006).

He was sentenced to a year of probation and was directed not to have any "contact with Amanda

Moran except for custody exchanges and custody matters." *Id.* On September 1, 2015, a Motion and Order for Bench Warrant was filed; and on January 21, 2016, the Honorable Scott D. Keller granted the motion to revoke Moran's probation. *Id.* Moran was again sentenced to probation. *Id.* Subsequently, on February 29, 2016, another Motion and Order for Bench Warrant was filed. *Id.* On April 12, 2016, Moran's probation was revoked and he was sentenced to no less than 48 days and no more than 18 months of confinement. *Id.* The Superior Court of Pennsylvania affirmed the trial court's judgment on February 8, 2017. *See Commonwealth v. Moran*, 657 MDA 2016 (Pa. Super. Ct. Feb. 8, 2017).

The Complaint that Moran has filed in this matter is vague and fails to set forth any facts alleging how each named Defendant violated his rights. Moran alleges: "Wrongful incarceration in two states, Reading Pennsylvania & Louisiana, Bossier." Compl. 3, ECF No. 1. He states that he was "in jail for 50 days which equal 3 million dollars [due] to the fact that is the rate [per] hour for incarceration." *Id.* at 4. Moran has attached as exhibits to his Complaint a copy of a brief he filed in the Superior Court of Pennsylvania, raising various assignments of procedural and substantive error relative to his criminal proceedings in Pennsylvania. Ex. 1-8, ECF No. 1-2. He has also attached a copy of another brief filed in the Superior Court of Pennsylvania, raising various assignments of error relative to a dependency petition filed on behalf of his son. *Id.* at 13-23. As relief, Moran requests $1.5 million. Compl. at 4.

## II.    STANDARD OF REVIEW

Because Moran has been granted leave to proceed *in forma pauperis*, his Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). Furthermore, the Court may consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Moran is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III.    DISCUSSION

### A.    Claims Seeking Review of State Rulings

To the extent that Moran raises any claims seeking review of rulings entered by the state courts in his criminal proceedings and the dependency proceedings, this Court lacks jurisdiction

to do so. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Therefore, to the extent Moran seeks review and reversal of any state court judgments, this Court lacks jurisdiction over such claims.

### B.     Claims Pursuant to 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Moran's Complaint fails to set forth a plausible claim for relief against any of the named Defendants.

As an initial matter, the Superior Court of Pennsylvania is not a "person" subject to liability under § 1983 and, in any event, is entitled to Eleventh Amendment immunity from Moran's claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005); *Vu v. City of Phila.*, No. 10-0953, 2012 WL 1222628, at *7 (E.D. Pa. Apr. 11, 2012). The Complaint also fails to state a claim against the Clerk of Court for Berks County, the "Court Clerk," and the Bossier Police Department because nothing in the Complaint describes how these Defendants were responsible for violating Moran's rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated Moran's rights. *See Barkes v. First*

*Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Therefore, as pled, the Complaint does not comply with Rule 8, as it does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3.

Because of the vague nature of Moran's claims, the Court cannot at this time determine whether they are cognizable under § 1983. As noted above, Moran alleges that he was wrongfully incarcerated. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, any attempts to vacate Moran's convictions must be pursued in a *habeas* case, after exhausting state remedies, rather than a civil rights action.

Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily

demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  As Moran's

convictions and sentences have not been reversed, expunged, or otherwise invalidated, any

claims that challenge his convictions are not currently cognizable under § 1983.   In other words,

Moran cannot raise claims challenging the constitutionality of any aspect of the legal

proceedings leading to his convictions, or the failure of the state courts to vacate those

convictions.

Because of the vague nature of Moran's Complaint, the Court also cannot determine at

this time if his claims are barred by *Heck*.  Accordingly, Moran's claims against the Clerk of

Court for Berks County, the "Court Clerk," and the Bossier Police Department are dismissed

without prejudice to his right to file an amended complaint with respect to any claims he may

wish to pursue against these Defendants, to the extent such claims are not barred by *Heck*.[1]  Any

claims challenging his convictions and sentences are dismissed without prejudice to Moran filing

a new complaint only in the event those convictions are ever vacated.

IV.    **CONCLUSION**

For the foregoing reasons, the Court dismisses Moran's Complaint for failure to state a

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil

Procedure.  To the extent Moran seeks to challenge rulings issued in his state cases, such claims

are dismissed with prejudice for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Moran's claims against the Superior Court of Pennsylvania brought pursuant to 42 U.S.C. § 1983

are dismissed with prejudice because the court is not a "person" under § 1983 and is immune.

Any claims challenging Moran's convictions and sentences, which are barred by *Heck v.*

---

[1]    Because Moran's Complaint is completely devoid of any allegations with respect to the
Bossier Police Department, the Court cannot determine at this time whether venue for any such
claims would be proper in this district.

*Humphrey*, 512 U.S. 477 (1994), are dismissed without prejudice to Moran's right to pursue

them in a new lawsuit if and when his convictions are invalidated. To the extent that Moran's

claims against the Clerk of Court for Berks County, the "Court Clerk," and the Bossier Police

Department are not barred by *Heck*, such claims are dismissed without prejudice to Moran's

right to file an amended complaint with respect to those claims including specific factual

allegations to cure the deficiencies outlined in this Opinion.[2] *See Grayson v. Mayview State

Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). Moran's "Motion for $1.5 Million Settlement" is

denied because the Complaint has been dismissed. An appropriate Order follows.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge


---

[2] Moran is advised that "any amended complaint must be complete in all respects. It must be a new pleading that stands by itself as an adequate complaint without reference to any documents already filed." *Bowens v. Employees of the Dep't of Corr.*, No. 14-2689, 2015 U.S. Dist. LEXIS 23147, at *28 (E.D. Pa. Feb. 26, 2015). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The complaint should be specific as to conduct, time, place, and persons responsible. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The allegations "should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (Caputo, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).