# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY WILLIAM MORAN,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : 　No. 18-cv-2291 |
| SUPERIOR COURT OF<br>PENNSYLVANIA, *et al.*,<br>　　Defendants. | :<br>:<br>:<br>: |

## **O P I N I O N**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　**July 17, 2018**
**United States District Judge**

　　On May 14, 2018, Plaintiff Gregory William Moran, proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Louisiana against the Superior Court of Pennsylvania, the Clerk of Court for Berks County, "Court Clerk," and the Bossier Police Department. He also filed a Motion for Leave to Proceed *In Forma Pauperis* and a "Motion for $1.5 Million Settlement." ECF Nos. 2, 4. By Order entered on May 17, 2018, the Western District of Louisiana granted Moran leave to proceed *in forma pauperis*. ECF No. 6. By Order entered on May 29, 2018, the Western District of Louisiana transferred the case to this Court. ECF No. 8.

　　By Opinion and Order entered on June 5, 2018, this Court dismissed Moran's Complaint and denied his "Motion for $1.5 Million Settlement." ECF Nos. 11, 12. Specifically, the Court noted that: (1) pursuant to the *Rooker-Feldman* doctrine, it lacked jurisdiction to review and reverse any rulings entered by the state courts in Moran's criminal proceedings and dependency proceedings; (2) the Superior Court of Pennsylvania is not a "person" subject to liability under

§ 1983 and also is entitled to Eleventh Amendment immunity; (3) Moran had failed to explain how the Clerk of Court for Berks County, the "Court Clerk," and the Bossier Police Department were responsible for violating his rights; and (4) any claims challenging the constitutionality of the proceedings leading to Moran's convictions, or the failure of the state courts to vacate those convictions, were not cognizable at this time pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Opinion 3-6, ECF No. 11. The Court provided Moran leave to file an amended complaint to the extent he intended to raise any claims not barred by *Heck*. *Id.* at 7.

Moran has returned with a second Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 15, an Amended Complaint, ECF No. 16, and a "Final Motion," in which he seeks an award of $1.5 million dollars, ECF No. 17. For the following reasons, the Motion for Leave to Proceed *In Forma Pauperis* is denied as unnecessary, his Amended Complaint is dismissed, and his "Final Motion" is denied.

**I.     FACTS**

Public dockets reflect that on February 13, 2015, in the Court of Common Pleas for Berks County, Pennsylvania, Moran pled guilty to one count of criminal mischief—damage property. *See Commonwealth v. Moran*, Docket No. CP-06-CR-003193-2014 (Berks Cty. Common Pleas). He was sentenced to a year of probation and was directed not to have any "contact with Amanda Moran except for custody exchanges and custody matters." *Id.* On September 1, 2015, a Motion and Order for Bench Warrant was filed, and on January 21, 2016, the Honorable Scott D. Keller granted the motion to revoke Moran's probation. *Id.* Moran was again sentenced to probation. *Id.* Subsequently, on February 29, 2016, another Motion and Order for Bench Warrant was filed. *Id.* On April 12, 2016, Moran's probation was revoked and he was sentenced to no less than forty-eight days to no more than eighteen months of confinement. *Id.* The Superior Court of

Pennsylvania affirmed the trial court's judgment on February 8, 2017. *See Commonwealth v. Moran*, 657 MDA 2016 (Pa. Super. Ct.).

In his Amended Complaint, Moran contends that on February 24, 2016, he was at the Berks County Probation Office. Am. Compl. at 3. He was arrested by Probation Officer William Schults and his 18-month-old son was taken from him. *Id.* Tasers "were drawn on [him] then [he] was taken to Berks County Prison." *Id.* Moran appears to suggest that he was arrested based upon a drug test performed on February 22, 2016, which Probation Officer Schults said was positive for THC. *Id.* Moran claims that he "had no levels of THC" and "asked to take another test." *Id.* He asserts that Probation Officer Schults "locked [him] up without merit or facts." *Id.* Moran contends that Berks County Clerk of Court Kim Santoro and Assistant District Attorneys John Adams and Mattew Thren "forged a document from the post office as if [he] signed a document." *Id.* He states that he was subsequently "convicted of violations that had no facts just opinions." *Id.* Moran states that Adams and Thren are immune but "wanted the courts to be aware of [who is] involved." *Id.*

As relief, Moran requests $1.5 million to compensate him for having been wrongfully convicted. *Id.* at 4. Moran attached to his Amended Complaints documents that relate to his underlying criminal proceeding, including the allegedly forged document, which indicates that the County of Berks received delivery confirmation for unidentified documents related to Moran's criminal case that were sent to an address in Reading. *Id.* at 14. Although unclear, Moran appears to be suggesting that the delivery confirmation with the alleged forgery shows that he was improperly found to have waived rights in the course of his criminal proceedings by virtue of having received documents in the mail.

## II. STANDARD OF REVIEW

Because Moran has been granted leave to proceed *in forma pauperis*, his Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Moran is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court understands Moran to be raising claims based on alleged wrongful incarceration on a probation violation and seeking damages for time spent incarcerated. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

As Moran's convictions and sentence have not been reversed, expunged, or otherwise invalidated, any claims seeking damages for time spent incarcerated in connection with those convictions are not currently cognizable under § 1983. In other words, Moran cannot raise claims challenging the constitutionality of any aspect of the legal proceedings leading to his convictions, the convictions themselves, or the time spent incarcerated as long as his convictions remain intact.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Moran's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to Moran's right to pursue his claims in a new lawsuit *if and when* his convictions are invalidated. Moran's "Motion for $1.5 Million Settlement" is denied. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**